UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY CYRIAK | * | CIVIL ACTION NO.   13-3130 |
| | | SEC. P. |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| KEVIN KIDD, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion for summary judgment [doc. # 22] filed by defendants Kevin Kidd, Eric Scriber, Jerry Goodwin, Angie Huff, Lonnie Nail, Rodrick Malcolm, and James Arnold.  For reasons detailed below, it is recommended that the motion for summary judgment be GRANTED IN PART and DENIED IN PART.

Background

On November 25, 2013, Anthony Cyriak, an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), who, at all relevant times, was housed at the David Wade Correctional Center ("DWCC"),[1] filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against two DWCC officers, Kevin Kidd and Eric Scriber.  Cyriak alleges that on April 27, 2013, Kevin Kidd exhibited deliberate indifference towards his safety by permitting a closed cell restriction lock down inmate, Walter Nickless, to walk side by side with regular extended lockdown inmates, including Cyriak, on their way to recreation.  During the return trip, a "minor altercation" occurred between Nickless and Cyriak, despite both inmates

---

[1] Cyriak now is confined at the Allen Correctional Center.

being fully restrained with handcuffs, "blackbox," waist chain, "masterlock," and shackles. Thereafter, officers Kidd and Hill restrained Nickless who possessed a homemade weapon.

Cyriak alleges that he was standing passively facing the wall when officer Eric Scriber lifted him off of his feet, and slammed him to the concrete floor. Scriber yelled obscenities at Cyriak, and repeatedly stomped on his shoulder, neck, and chest area, despite Cyriak's lack of resistance. After Scriber finally stopped kicking Cyriak, he turned him over, before leaping into the air and landing a crushing blow to Cyriak's right shoulder. Throughout the attack, Scriber threatened Cyriak with bodily harm.

As a result of the encounter, Cyriak suffered excruciating pain and a broken collarbone. He also experienced nightmares, and has been placed on psychiatric medication to help him sleep at night. Cyriak seeks a judgment declaring that defendants violated his constitutional rights, plus compensatory and punitive damages against each defendant in the amount of $2.5 million.

On December 26, 2013, the court determined that plaintiff's complaint sufficiently pleaded a cause of action, and ordered service on defendants. (Dec. 26, 2013, Mem. Order [doc. # 5]). On April 7, 2014, plaintiff amended his complaint to join additional defendants, Jerry Goodwin, Angie Huff, Lonnie Nail, Rodrick Malcolm, and James Arnold. (Amend. Compl. [doc. # 14]).

On June 9, 2014, defendants filed the instant motion for summary judgment. On June 20, 2014, plaintiff filed a "Motion to Drop Supplemental and Amended Pleadings and Reinstate Original Complaint." [doc. # 24]. By separate order, issued this date, the court has granted plaintiff's motion, thus effectively mooting the motion for summary judgment as to the parties added via the amended complaint. After delays for briefing, the matter is now before the court.

**Summary Judgment Principles**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

From what the court may discern, defendants contend that 1) plaintiff failed to exhaust available administrative remedies as to all defendants; 2) they are entitled to qualified immunity from plaintiff's claims against them in their official capacity [sic]; 3) plaintiff's complaint fails to state a claim upon which relief can be granted; 4) plaintiff does not allege defendants' personal involvement; and 5) plaintiff does not have a viable Eighth Amendment claim. The court will address each argument, in turn.[3]

---

[2] I.e., beyond doubt.

[3] The court notes that plaintiff did not file an opposition to the motion for summary judgment, and thus, the motion is unopposed. *See* Notice of Motion Setting [doc. # 20]. However, a non-movant's failure to oppose summary judgment does not mean that the court is compelled to grant the motion out of hand. *Monroe v. Melder*, 247 F.3d 241 (5th Cir. 2001) (unpubl.) (citation omitted). Rather, the movant still must discharge its burden of showing that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law. *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534 (5th Cir. 1992) (unpubl.); *Alsobrook v. GMAC*

1) **Exhaustion**

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford v. Ngo*, 548 U.S. at 89-93, 126 S.Ct. 2378)). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*. Furthermore, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. Appx. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Under Louisiana law, the Department of Public Safety and Corrections and each sheriff

---

*Mortgage, L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013) (unpubl.). If the movant does not meet its burden, then the court must deny the motion. *See John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985).

is authorized to adopt an administrative remedy procedure at each of their institutions. La. R.S. § 15:1171. The administrative remedy procedure is intended to resolve complaints and grievances that arise while the offender is in the custody of, or under the supervision of the department or sheriff. *Id*. The procedure encompasses complaints and grievances for monetary, injunctive, declaratory, or other relief stemming *inter alia* from conditions of confinement, personal injuries, and medical malpractice. *Id*. These administrative procedures, when promulgated, provide the offender's exclusive remedy – to the extent that federal law permits. *Id*. Finally, "status as an 'offender' is determined as of the time the basis for a complaint or grievance arises. Subsequent events, including posttrial judicial action or release from custody, shall not affect status as an 'offender' . . ." La. R.S. 15:1171(D).

In support of their motion for summary judgment, defendants concede that plaintiff filed an apparently timely grievance that alleged that Kevin Kidd was deliberately indifferent to his health and safety, and that Erik Scriber was verbally offensive and used excessive force when none was needed at all. (Defs. MSJ Memo., pgs. 3-6). Defendants further agree that plaintiff exhausted both steps of DWCC's apparent two-step grievance policy. *Id*. Thus, it appears that defendants contend that plaintiff failed to exhaust administrative remedies as to the defendants plaintiff joined in his now-stricken amended complaint. Of course, that issue is now moot. Moreover, the Fifth Circuit recently remarked that

> the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. Nothing in the PLRA requires prisoners to identify all defendants that they later sue. Nevertheless, under the PLRA, a prisoner must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem. However, a grievance may sufficiently identify a person even without providing a name.

6

*Patterson v. Stanley*, 547 Fed. App'x 510, 512-13 (5th Cir. 2013) (internal citations and quotation marks omitted).

Furthermore, the Supreme Court has held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007),

      The undersigned finds that plaintiff properly exhausted his remedies with regard to the original (and remaining) defendants, Kidd and Scriber, because he named them in his grievance, detailed his allegations against them, and thereby provided notice and an opportunity to address the matter. *See* Grievance # DWCC-13-0636, Defs. MSJ, Exh. A. Moreover, as defendants did not produce the relevant grievance procedure for the DWCC, the court cannot find that plaintiff failed to comply with this non-disclosed procedure.

**2)      Qualified Immunity**

      A subsection of defendants' memorandum is titled, "Qualified Immunity." Beneath that heading, however, defendants discuss why plaintiffs do not have a viable official capacity claim against them. (Defs. MSJ, Memo., pgs. 8-9). The qualified immunity defense, however, applies only to suits against government officials in their *individual* capacities. *Walker v. Howard*, 517 Fed. App'x 236, 237 (5th Cir. 2013). In other words, defendants have conflated qualified immunity with Eleventh Amendment Immunity. Because defendants' brief does not analyze plaintiff's claims under qualified immunity, neither will the court. Furthermore, insofar as defendants actually intended to seek dismissal of plaintiff's official capacity claims, the court observes that plaintiff sued defendants solely in their individual capacities. *See* Compl., ¶ 6.

Thus, there are no official capacity claims to dismiss.

**3)       Failure to State a Claim upon which Relief Can Be Granted**

    **a)       Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

**b)    Discussion**

Defendants contend that plaintiff's complaint does not state a plausible claim for relief. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Defendants do not contest that they are state actors. In addition, the court reaffirms that

plaintiff sufficiently pled deliberate indifference and/or intent. As noted earlier herein, the court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on the defendants. (Dec. 26, 2013, Mem. Order [doc. # 5]). In so doing, the court effectively determined that plaintiff's complaint contains sufficient factual allegations "to draw the reasonable inference that [defendants are] liable for the misconduct alleged." *Iqbal*. Indeed, "[s]pecific facts are not necessary; the [Rule 8] statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). Plaintiff's pleadings provide defendants with fair notice of his claims.

In any event, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure – not a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[4] Thus, plaintiff's cause of action must be analyzed under the standard applicable to the former rule, not the latter. *See* discussion, *infra*.

**4-5) Personal Involvement and the Eighth Amendment**

    a) <u>Erik Scriber</u>

When a prison official is accused of using excessive physical force in contravention of the Eighth Amendment's Cruel and Unusual Punishments Clause, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). However, not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id*. (citation omitted). The Eighth Amendment does not

---

[4] Incidentally, defendants have yet to answer to the complaint.

protect against "*de minimis*" use of physical force, so long as the use of force is not of a sort "repugnant to the conscience of mankind." *Id.* (citation and internal quotation marks omitted).[5] In considering an excessive force claim, courts consider the following factors: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999). Thus, to withstand summary judgment on his excessive force claim, a plaintiff must present evidence that would allow a reasonable jury to find: "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Fennell v. Quintela*, 393 F. App'x 150, 154 (5th Cir. 2010) (citing *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009)).

In this case, defendants boldly assert that Scriber did not inflict unnecessary or wanton pain on plaintiff because Scriber used but minimal force in a good faith effort to restore discipline. However, plaintiff's verified complaint made under penalty of perjury, constitutes competent summary judgment evidence, which the court must accept as true for purposes of this motion. *Miles v. Rich*, 2014 WL 3748298, ___ Fed. Appx.___ (5th Cir. July 31, 2014) (citing *inter alia*, *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir.2003)). Moreover, plaintiff alleges in his complaint that he was compliantly facing the wall in full restraints when Scriber grabbed him

---

[5] The PLRA further provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). The Fifth Circuit has equated Section 1997e(e)'s "physical injury" requirement with the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

from behind and slammed him to the floor.  Scriber then repeatedly stomped and kicked Cyriak, while screaming obscenities.  Scriber's attack culminated with a jump-blow to Cyriak's shoulder and further kicks.  (Compl., ¶¶ 17-23, 27-37).  As a result of the attack, plaintiff suffered a broken collarbone, neck and back injuries, excruciating pain, mental impairments, and slight bruising.  *Id*.

These facts preclude a finding that Scriber is entitled to judgment as a matter of law.  *See Clark v. Gonzalez*, 129 F.3d 612 (5th Cir. 1997).

b)      Kevin Kidd

It is well settled that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates or other guards.  *Longoria v. Texas*, 473 F.3d 586, 592-593 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976-77 (1994)) (fellow inmates); *Pauline v. HCF Admin.*, 2012 WL 1564500 (D. Haw. May 2, 2012) (other guards); *Palton v. Jackson*, 2009 WL 2762739 (E.D. Ark. Aug. 28, 2009) (other guards).  To prevail on a failure to protect claim, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to the inmate's safety.  *Longoria, supra*.  A prison official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety," but disregards the risk.  *Id*.  Furthermore,

> the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must in fact also have drawn the inference.  No liability exists, however, if an official reasonably responded to a known substantial risk, 'even if the harm was ultimately not averted.

*Id*. (citations and internal quotation marks omitted).

Here, plaintiff alleges that Kidd was deliberately indifferent to a risk of serious harm

12

when he violated prison policy by escorting a closed-cell restriction lockdown inmate, Nickless, to recreation simultaneously with plaintiff. However, plaintiff characterizes the resulting incident between Nickless and himself as a "minor altercation." Moreover, he does not attribute any of his injuries directly to the encounter with Nickless.

Although plaintiff suggested in his amended complaint that Kidd was responsible for the beating inflicted by Scriber because Kidd was aware that the guards regularly acted that way whenever there was a disturbance, plaintiff's amended complaint has since been stricken. Moreover, the court finds this reasoning too attenuated. In the absence of any evidence that Kidd wished to harm plaintiff, it is not reasonably foreseeable that by escorting Nickless together with plaintiff and other inmates, Kidd intended to spark an altercation so another guard would intervene and thrash plaintiff. In other words, Kidd's conduct was not the proximate cause of plaintiff's subsequent beating at the hands of Scriber. *See Lamb v. Mendoza*, 478 F. App'x 854, 856 (5th Cir. 2012) *cert. denied,* ___ U.S. ___, 133 S. Ct. 661 (2012) (proximate cause is an element of an Eighth Amendment claim).[6] In the absence of proximate cause, plaintiff cannot meet his constitutional burden, *Lamb, supra*; thus precluding recovery against Kidd as a matter of law.

### Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that defendants' motion for summary judgment [doc. # 22] be

---

[6] In addition, and critically, plaintiff does not allege that Kidd was in a position to intervene to disrupt Scriber's attack on plaintiff. According to plaintiff, Kidd was busy restraining Nickless who continued to resist the officers. (Compl., ¶ 16).

GRANTED IN PART, and that plaintiff's claims against defendant, Kevin Kidd, be DISMISSED, with prejudice, in their entirety.

IT IS FURTHER RECOMMENDED that the motion for summary judgment [doc. # 22] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of October 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE