UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY CYRIAK | * | CIVIL ACTION NO.  13-3130 |
| | | SEC. P. |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| KEVIN KIDD, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Before the court is a "Motion to Request Subpoena Duces Tecum" [doc. # 37] filed by

*pro se* plaintiff Anthony Cyriak.[1]  By this motion, plaintiff seeks to have the court issue a

subpoena duces tecum to LSU Health Sciences Center to provide plaintiff with a copy of his

medical records from May 2, 2013, "until the diagnosis was completed."

It remains unclear, however, whether plaintiff has attempted to obtain his records from

the facility by direct request.  Although the plaintiff has no constitutional right to free copies of

his medical records, he is entitled, by law, to a copy of his own medical records without resort to

a court order – provided he furnishes a signed authorization and reasonable copying charges to

the medical provider.  *See* La. R.S. § 40:1299.96.  Plaintiff is required to exhaust these efforts on

his own behalf *before* resorting to compulsory judicial process, i.e. a subpoena.

Moreover, the discovery that plaintiff is due from defendant may include some of the

medical records sought by plaintiff.  The court previously ordered that

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any
claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this
order is issued under the authority thereof, and in accordance with the standing order of this
court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R.
74.1(W).

> [w]ithin **twenty-one (21) days** of Defendants' first appearance (filing of an answer or motion), or within **thirty (30) days** after service of the summons and complaint if Defendant(s) have made no appearance, **Defendants or their counsel shall provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession**. See Fed.R.Civ.P. 26(a)(1). **Defendants or their counsel shall contemporaneously file a copy of these documents under seal with the court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.**

(April 8, 2014, Suppl. Mem. Order [doc. # 17]).

However, the court granted defendants an extension of time until June 9, 2014, to file responsive pleadings.  (May 29, 2014, Order [doc. # 21]).  In addition, other deadlines were to be reset after all parties had been served.  *Id*.

Nevertheless, in lieu of filing an answer, defendants filed a motion for summary judgment.  *See* doc. # 22.  In due course, the Court granted the motion in part, dismissing plaintiff's claims against Kevin Kidd, but preserving his claims against the sole, remaining defendant, Eric Scriber.  *See* March 19, 2015, Judgment [doc. # 29].

Since that time, however, Scriber has not answered the complaint, nor has he filed into the record a copy of all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case (or presumably, provided plaintiff with a copy of same).

Accordingly,

IT IS ORDERED that **within the next 14 days from the date of this order**, defendant shall file an answer to the complaint and comply with the discovery requirements set forth in the court's April 8, 2014, Order [doc. # 17].

2

IT IS FURTHER ORDERED that plaintiff's motion to subpoena medical records [doc. #

37] is DENIED, at this time.

In Chambers, at Monroe, Louisiana, this 12th day of May 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE